# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rock Laguerre, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 681 C.D. 2015 |
| | : | Submitted: October 9, 2015 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE: HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED: February 12, 2016**

Petitioner Rock Laguerre (Claimant), acting *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review, dated March 12, 2015, which affirmed an order of an unemployment compensation referee (Referee), dismissing Claimant's appeal as untimely under Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law).[2] We now vacate the Board's order and remand the matter for further proceedings.

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides:

(e) Unless the claimant . . . files an appeal with the board, from the determination contained in any notice required to be furnished by the department

**(Footnote continued on next page…)**

Claimant filed for unemployment compensation benefits following termination of his employment with JBS Souderton, Inc. (Employer). On September 26, 2014, the Erie UC Service Center (Service Center) issued a Notice of Determination in which it determined that Claimant was ineligible for benefits. (Certified Record (C.R.), Item No. 2.) The notice informed Claimant that October 14, 2014, was the last day to file an appeal. Claimant petitioned for appeal, and the unemployment compensation authorities stamped his appeal document as having been received on October 17, 2014. (C.R., Item No. 3.)

The Board assigned a Referee to conduct a hearing for the purpose of determining whether Claimant filed a timely and valid appeal from the initial determination. (C.R., Item No. 5.) Neither Claimant nor Employer appeared at the hearing scheduled for November 20, 2014, and the Referee issued a decision based upon the documentation submitted for the hearing. (C.R., Item Nos. 6, 7.) The Referee dismissed Claimant's appeal as untimely. (C.R., Item No. 7.) In so doing, the Referee made the following findings of fact:

1. On September 26, 2014, the Erie Unemployment Compensation Service Center issued a Notice of Determination, which denied unemployment compensation benefits to the claimant under Section 402(e) of the Law.

. . . .

---

**(continued…)**

. . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

4. The Notice of Determination contained information that the claimant has fifteen (15) days from the date of the Unemployment Compensation Service Center determination in which to file an appeal, if the claimant disagreed with the determination.

5. The Notice of Determination listed the last day on which a valid appeal could be filed was October 14, 2014.

. . . .

8. The claimant mailed a Petition for Appeal to the Notice of Determination, which denied his benefits under Section 402(e) of the Law.

9. *The envelope the Petition for Appeal was mailed in did not have any postmark date or list any date to show when the Petition of Appeal was mailed by the postal authorities.*

10. The Erie UC Service Center and UC Board of Review received the Petition for Appeal and envelope in which it was mailed on October 17, 2014.

(C.R., Item No. 6 (emphasis added).) The Referee reasoned:

The evidence of record showed the claimant mailed a Petition for Appeal in an envelope to the Erie UC Service Center. However, under Pennsylvania Unemployment Compensation Law, the date a letter was prepared for an appeal cannot be used to determine whether or not the petition was filed in a timely manner. Further, while two envelopes were part of the evidence of record, the envelopes did not show any postmark date and/or postage meter mark to determine the timeliness of this appeal. Therefore, to determine the timeliness of the appeal, the Referee must rule the timeliness based on the date the envelope and Petition for Appeal was [sic] received by the UC Service Center and/or UC Board of Review. Here, the Erie UC Service Center and UC Board of Review stamped the envelope and Petition for Appeal as received on October 17, 2014, which was after the last day allowed to file a timely appeal.

3

(*Id.*)

Claimant appealed the Referee's decision to the Board, asserting that he arrived to the hearing ten minutes late because he got lost. (C.R., Item No. 8.) The Board remanded the matter to a Referee for the purpose of scheduling another hearing to receive testimony and evidence regarding Claimant's reasons for his nonappearance at the previous hearing and the merits of Claimant's claim should the Board determine that he had proper cause for his nonappearance. (C.R., Item No. 10). The Board issued a notice of hearing, identifying the issue, however, as whether Claimant filed a timely appeal. (C.R., Item No. 11.)

Claimant appeared at the hearing and testified to the circumstances surrounding: (1) his late arrival to the hearing previously scheduled for November 20, 2014;[3] (2) the timing of the filing of his appeal of the Referee's decision; and (3) the termination of his employment with Employer.[4] With regard to the timing of the appeal, the Referee observed that the last day to appeal the Referee's decision was October 14, 2014, the envelope did not have a postmark,

---

[3] The hearing transcript notes that part of Claimant's testimony was "inaudible," but it appears that Claimant encountered a "blocked" roadway and attempted to use the GPS on his phone to find another route to the hearing location. (C.R., Item No. 12 at 2.) He got lost and arrived ten minutes late. (*Id.*)

[4] Although the transcript again indicates that some of Claimant's testimony was inaudible, Claimant testified that he last worked for Employer on August 26, 2014. (C.R., Item No. 12 at 4.) He appears to have testified that his car broke down, so he had to catch a train to get to work. (*Id.*) He informed the supervisor that he would be late, arrived to work, and worked the remainder of his shift. (*Id.*) The next day when he arrived at work, his supervisor informed him that he could not work and would have to speak with human resources. (*Id.*) He met with human resources, and Employer suspended and then terminated his employment. (*Id.*) He was not given a reason for his termination. (*Id.*) Employer did not appear at the hearing to contradict Claimant's testimony.

and unemployment compensation authorities received the envelope on October 17, 2014. (C.R., Item No. 12 at 3.) Claimant testified that he recalled mailing the appeal on Tuesday, October 14th, because October 13th was a holiday. (*Id.*) He mailed the appeal from the post office via priority mail. (*Id.*) It appears from the record that the Referee looked at a copy of Claimant's priority mail envelope and observed that it did not have a postmark on it. (*Id.* at 4.) The Referee asked Claimant whether he was given a receipt when he mailed the appeal, and he said that he had received one but did not know if he still had it. (*Id.*) Claimant reiterated that he mailed the appeal on Tuesday, October 14, 2014, because October 13th was a holiday. (*Id.* at 5.)

Thereafter, by decision dated March 12, 2015, the Board concluded that, based on the Board's regulations, Claimant's appeal was filed on the date it was received by the unemployment compensation authorities and was, therefore, untimely.[5] The Board then adopted and incorporated the Referee's findings of fact

---

[5] The Board's regulation relating to the time for filing an unemployment compensation appeal provides, in part:

> (a) A party seeking to appeal . . . shall file an appeal . . . on or before the 15th day after the date on which notification of the decision . . . was delivered personally to the appellant or mailed to him at his last known post office address.

> (b) A party may file a written appeal by any of the following methods:

>> (1) United States mail. The filing date will be determined as follows:

>>> (i) The date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Form 3817 (Certificate of Mailing) or a United States Postal Service certified mail receipt.

>>> (ii) If there is no official United States Postal Service postmark, United States Postal Service Form 3817 or United States Postal

**(Footnote continued on next page…)**

and conclusions of law as set forth above. (C.R., Item No. 13.) Claimant petitioned this Court for review.

On appeal,[6] Claimant argues that substantial evidence does not exist to support the Board's finding of fact number 9 that "[t]he envelope the Petition for Appeal was mailed in did not have any postmark date or list any date to show when the Petition of Appeal was mailed by the postal authorities." Claimant contends that the Service Center made a mistake when it copied the documents it received from Claimant by copying only a portion of the envelope and not the entire envelope. Due to the failure to copy the entire envelope, Claimant contends that the postmark, date, and service price did not appear on the photocopy.[7] The Board counters that the envelope did not contain a postmark, and, therefore,

---

**(continued…)**

> Service certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.
>
> (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the Board when it receives the appeal.

34 Pa. Code § 101.82.

[6] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[7] Claimant attached to his brief a "Product Tracking and Reporting" document that he obtained from postal authorities following the hearing, which appears to substantiate his claim that he mailed the appeal via priority mail on October 14, 2014. This document, however, is not included in the certified record and, therefore, cannot be relied upon by this Court when considering Claimant's appeal. *See B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). The Board does not make mention of this document.

pursuant to the Board's regulations, the date of filing must be the date of receipt by unemployment compensation authorities. As to Claimant's contention that the envelope was copied improperly, the Board responds that it is just as likely, if not more so, that the postmark came off during the mailing process.

A close inspection of the record reveals that the record does not contain a complete copy of the envelope in which his appeal was mailed. When one compares the *copy* of the priority mail envelope in which Claimant mailed his appeal due October 14, 2014, (*see* C.R., Item No. 3 at 3) (October Envelope), with the *original* priority mail envelope in which he mailed his appeal due December 8, 2014 (*see* C.R., Item No. 8 at 7) (December Envelope), it is apparent that the copy is incomplete.[8] The top of the December Envelope, from left to right, includes the following items: (1) the United States Postal Service (USPS) logo; (2) the words "Priority Mail;" (3) the words "Flat Rate Envelope" followed underneath by the words "Apply Priority Mail Postage Here;" and (4) a postage stamp which includes (a) the USPS logo, (b) a bar code, and (c) detailed information regarding the postage rate paid, location of mailing, date mailed, and amount of postage paid. The top of the October Envelope, from left to right, includes items numbers (1) through 4(b), with the only item not copied being the detailed information contained in 4(c), relating to the postage rate paid, location of mailing, date mailed, and amount of postage paid. Moreover, the bottom of the December Envelope contains at the left a "USPS Tracking #" sticker and the following words toward the right of the envelope, which appear to identify the

---

[8] It is unclear why the record contains only a photograph of the October Envelope but the original December Envelope.

form/size of the envelope: "EP14H JAN 2011 Outer Dimension: 10 x 5." The bottom of the October Envelope contains a similar "USPS Tracking #" sticker, an additional bar code sticker located in the middle and right-side portion of the envelope, and the word "Outer" located at the far right. It appears that the additional bar code sticker covers some of the words that would have appeared at the right of the envelope, but the sticker ends before the word "Outer." It further appears that the remainder of the words identifying the form/size of the October Envelope was not copied. Also, there is a thick red line that runs along the entire top and bottom of the December Envelope. On the copy of the October Envelope, only the bottom line was copied. The line stops at the end of the word "Outer," suggesting that the copy of the envelope abruptly ends there. The end of the line is directly beneath the end of item 4(b), just before the location where information regarding the postage rate paid, location of mailing, date mailed, and amount of postage paid should have appeared. Thus, the finding that the October Envelope did not have a postmark date or list a date to show when it was mailed is not supported by substantial evidence, because the evidence of record shows that the *original* October Envelope contained a partial postmark that was not fully copied by unemployment compensation authorities. Because the original October Envelope was not copied in its entirety, the full postmark did not appear on the *copy* of the October Envelope.

Because the record contained an incomplete copy of the original October Envelope, the Board erred in relying upon the envelope for purposes of applying 34 Pa. Code § 101.82. We note that the only competent evidence before the Board was Claimant's unwavering and uncontested testimony that he mailed the appeal on October 14, 2014. Claimant represents in his brief that since his

8

hearing before the Referee, he has obtained proof of mailing of his appeal on October 14, 2014. Given that it is now apparent that the unemployment compensation authorities failed to maintain a complete record, we will remand the matter to the Board with instruction that Claimant be permitted to supplement the record to include proof of when he mailed the appeal—*i.e.*, the "Product Tracker and Reporting" document attached to Claimant's brief to this Court. The Board shall consider this document when issuing new findings of fact and conclusions of law.

Accordingly, the Board's order is vacated, and the matter is remanded to the Board for supplementation of the record and consideration of the timeliness of Claimant's appeal, and, if timely, the merits of Claimant's appeal, including whether Claimant had good cause for his failure to arrive timely to the hearing scheduled for November 20, 2014.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rock Laguerre,                          :
                    Petitioner          :
                                        :
        v.                              :    No. 681 C.D. 2015
                                        :
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :

# **O R D E R**


AND NOW, this 12th day of February, 2016, the order of the Unemployment Compensation Board of Review (Board) is hereby VACATED, and the matter is REMANDED to the Board for further proceedings consistent with the attached opinion.

Jurisdiction relinquished.


_____
P. KEVIN BROBSON, Judge